**Donnell RAYNOR, Plaintiff,**

v.

**AMALGAMATED TRANSIT UNION, AFL/CIO, CLC DIVISION 1493; David S. Jones; and Greyhound Lines, Inc., Defendants.**

No. 80–105–CIV–8.

United States District Court,
E. D. North Carolina,
Wilson Division.

July 10, 1981.

Donald M. Wright, Hulse & Hulse, Goldsboro, for plaintiff.

I. Edward Johnson, Johnson, Patterson, Dilthey & Clay, Raleigh, N. C., for defendants Amalgamated Transit Union AFL/CIO Div. 1493 and David S. Jones.

W. R. Loftis, Jr., John F. Mitchell, Penni L. Pearson, Petree, Stockton, Robinson, Vaughn, Glaze & Maready, Winston-Salem, N. C., for defendant Greyhound Lines, Inc.

## MEMORANDUM OF DECISION

DUPREE, Chief Judge.

This wrongful discharge from employment case brought by Donnell Raynor, the employee, against Greyhound Lines, Inc., the employer, Amalgamated Transit Union and its president, David S. Jones, was tried by the court without a jury at Raleigh on July 9, 1981. The plaintiff offered himself as a witness and called as an adverse witness the defendant Jones, president of the defendant union at the time of plaintiff's discharge by Greyhound. The defendants offered the testimony of various Greyhound employees and officials who discharged the plaintiff and processed the grievance filed on his behalf thereafter by the union. At the conclusion of the trial the court announced that it was unable to find by a preponderance of the evidence that plaintiff had carried the burden of proving each essential element of his alleged cause of action against either of the defendants and that judgment therefore would be entered for the defendants. Pursuant to Rule 52, F.R.Civ.P., the court will incorporate in this memorandum of decision its findings of fact and conclusions of law.

In its trial memorandum filed June 29, 1981 the defendant Greyhound made a detailed statement of the facts in the case, and having heard the evidence and having concluded that Greyhound's statement of facts was fully and fairly established by the evidence, the court now adopts as its own Greyhound's statement of facts as set forth on pages 1, 2, 3 and through the penultimate paragraph on page 4 of its trial memorandum dated June 26, 1981 and filed with the court on June 29, 1981 and incorporates the same herein by this reference.

Additionally, with respect to plaintiff's claim that he was not afforded fair representation in the prosecution of his grievance by defendant Jones and the union, the court finds to the contrary and that plaintiff's grievance was in fact vigorously pressed at all stages of the proceedings; that at an early stage Jones in fact was able to persuade the Greyhound authorities to limit action against plaintiff to a short suspension rather than outright discharge, a proposal which even plaintiff's counsel now concedes in retrospect was unwisely reject-

ed by the plaintiff; and that plaintiff's grievance was in fact handled in a highly professional manner at all stages of the proceeding. No evidence was offered from which the court could find any suggestion of bad faith on the part of Jones or the union.

Plaintiff's principal complaint about Jones' handling of the case centered around his alleged failure to interview two witnesses who in signed statements had given eye-witness accounts of the events on which Greyhound based its claim of insubordination, but no evidence was produced from which the court could determine that the witnesses were anything other than truthful in their statements or that they could have been persuaded to change their stories in any respect. One of the witnesses, T. F. March, testified at the trial to facts that are essentially identical with those contained in his statement made two years earlier, and cross-examination by plaintiff's attorney failed to impeach him. Plaintiff made no effort to obtain the testimony of the other witness who gave one of the signed statements nor did he produce two other witnesses apparently known by him to have witnessed the events.

On the basis of all the evidence adduced at the trial the court is constrained to conclude that plaintiff has failed to carry his burden of establishing by a preponderance of the evidence that the union dealt with his grievance in an arbitrary, discriminatory or bad faith manner or that his discharge by Greyhound was wrongful or unlawful in any respect. Accordingly, judgment denying his claims and dismissing the action will be entered.